UNITED STATES COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

CRIMINAL CASE NO: 3:12-mj-00508-FKB-1

MARILYN ANN FLOYD                                                           DEFENDANT

REPORT AND RECOMMENDATION

This matter is before the undersigned for a report and recommendation as to whether the defendant is competent at this juncture to understand the nature and consequences of the proceedings against her and assist properly in her defense. Having conducted a hearing on this matter and reviewed the report submitted by Dr. Leslie Powers, Ph.D., and having heard Dr. Powers's testimony, and testimony from the defendant, the undersigned recommends that the defendant, Marilyn Floyd, remain committed to the custody of the Attorney General for the purposes of restoration of competency under 18 U.S.C. § 4241 (d).

At the defendant's initial appearance in this matter, the defense made, and the government joined, an *ore tenus* motion to determine the defendant's competency. Based on the evidence this judge observed in Court at that time, including, but not limited to, the defendant's inability to respond appropriately to the Court's inquiries and the defendant's verbal outbursts, as well as defense counsel's representations that Defendant was unable to assist him in her defense, the Court found that there was reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Therefore, the Court granted the joint motion pursuant to 18 U.S.C. §§ 4241 and 4242. The Court entered an Order (Docket No. 5) that the defendant be

provided a mental health examination pursuant to 18 U.S.C. §§ 4241, 4242 & 4247; that it be conducted at a facility designated by the Bureau of Prisons; and that a report be prepared and filed with this Court and provided to counsel pursuant to 18 U.S.C. § 4247(c). The report has now been filed under seal at Docket No. 7.

United States District Judge Tom S. Lee entered an order referring this matter to the undersigned under 28 U.S.C. § 636(b) for a hearing, as well as a report and recommendation, on Defendant's competency to understand the nature and consequences of the proceedings against her and to assist properly in her defense. The hearing was held on April 3, 2012.

At the hearing, the defendant was represented by previously appointed counsel, Omodare Jupiter, of the Federal Public Defender's Office. The defendant was physically located at the Federal Medical Center, Carswell, in Fort Worth, Texas, and was present for the hearing by live video and audio. Also present by video and audio was Forensic Psychologist Leslie Powers, Ph.D., who had previously interviewed, examined and evaluated Ms. Floyd and prepared the mental health examination report filed in this case. Dr. Powers's report was admitted into evidence at the hearing under seal.

Dr. Powers testified that it was her opinion that the defendant, Marilyn Floyd, presently suffers from a mental disease or defect rendering her mentally incompetent and unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Dr. Powers testified that it was her request that the Court enter an order pursuant to 18 U.S.C. § 4241(d) for restoration of competency to provide additional time for psychiatric observation and treatment of Ms. Floyd. Neither party objected to Dr. Powers's report, opinions or request.

Based on the opinion and recommendation issued by the forensic evaluator, Leslie Powers, Ph.D., and the testimony and evidence introduced at the hearing, the undersigned recommends that, under 18 U.S.C. §4241, the District Court find by a preponderance of the evidence that Marilyn Floyd is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

Further, the undersigned recommends that Marilyn Floyd remain committed to the custody of the Attorney General for further observation and treatment at a facility designated by the Bureau of Prisons for the purposes of restoration of competency under 18 U.S.C. §4241(d). The undersigned recommends that the Attorney General be directed to hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit prosecution and a trial to proceed. On or before the end of this four-month period, the Attorney General or his designee should file a report on the mental state of the Defendant. At that time, the Court will revisit the issue of Defendant's competency pursuant to 18 U.S.C. § 4241(d). In addition to the aforementioned final report, the undersigned recommends that the Attorney General or his designee be directed to submit to the Court a status report sixty (60) days from the date of the hearing, that is, no later than June 2, 2012.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636 (b)(1); *Douglass v. United Services*

*Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

Respectfully submitted, this the 3rd day of April, 2012.

                                                  s/ F. Keith Ball
                                                  UNITED STATES MAGISTRATE JUDGE